IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN
*******************

| | |
|---|---|
| JOHN ST. ROSE, MONROSE LOCTAR, and DERRICK JAMES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HEAVY MATERIALS, LLC, SPARTAN CONCRETE PRODUCTS, LLC, and WARREN MOSLER,<br><br>    Defendants. | Case No. 3:19-CV-117<br><br>**Class Action Requested**<br><br>**Jury Trial Demanded** |

## SPARTAN CONCRETE PRODUCTS, LLC AND WARREN MOSLER'S MOTION TO DISMISS

**COME NOW** Defendants **Warren Mosler** ("Mosler") and **Spartan Concrete Products, LLC** ("Spartan") by and through KELLERHALS FERGUSON KROBLIN PLLC, and hereby move to dismiss the Complaint pursuant to the rule against claim splitting, Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 12.1 of the Local Rules of Civil Procedure. In support thereof, Mosler and Spartan state as follows:

**I.    Duplicative and Untimely Complaint Against Mosler and Spartan Must be Dismissed**

The District Court Complaint suffers from multiple deficiencies and therefore it must be dismissed. First, this action must be dismissed pursuant to the common law rule against claim splitting. Second, this action was commenced outside the four-year statute of limitations period. Third, Count Two, which alleges a violation of the Virgin Islands Anti-Monopoly Law, must be dismissed with respect to Mosler because Mosler is not a competitor.

## II.   This Action is Duplicative of the Pending Superior Court Action

Two class action lawsuits have been filed in two different courts in the U.S. Virgin Islands, both of which seek damages for the same class of individuals for the same alleged conduct over the same alleged period of time.

The first lawsuit was filed on December 12, 2017 in the Superior Court of the Virgin Islands (the "Superior Court Action").[1]  That putative class action named proposed class representatives Linus Gilbert and Isidore Jules and was filed against Spartan, Mosler, Heavy Materials, LLC, and two other defendants.[2]  The original Superior Court Complaint alleged that Defendants conspired to suppress and eliminate competition by territorially dividing the Virgin Islands market for ready-mix concrete and agreeing not to compete.  It further alleged that as a result of Defendants' conduct, Gilbert, Jules, and other members of the class paid artificially inflated prices for ready-mix concrete and suffered financial injury.  The Complaint alleged three causes of action: violation of the Virgin Islands Anti-Monopoly Law, 15 V.I.C. § 1503(1)(c) (Count One), the Consumer Protection Law of 1973, 12A V.I.C. § 101 et seq. (Count Two), and the Consumer Fraud and Deceptive Business Practices Act, 12A V.I.C. § 301 et seq. (Count Three).

Mosler, US Concrete, and Heavy Materials moved to dismiss the Superior Court Complaint.  Based on those motions to dismiss, Linus and Jules sought leave to amend their

---

[1] The Superior Court Action was originally docketed as *Linus Gilbert and Isidore Jules, individually and on behalf of all others similarly situated v. U.S. Concrete, Inc., Spartan Concrete Products, LLC, Heavy Materials, LLC, Roger Bressi, and Warren Mosler*, Civil No. SX-17-CV-486.  The Superior Court Action was subsequently re-captioned as *Linus Gilbert and James Jn-Marie, individually and on behalf of all others similarly situated v. Spartan Concrete Products, LLC and Heavy Materials, LLC*.

[2] The two other defendants were US Concrete, Inc. and Roger Bressi, both of whom have been dismissed from the case.

Complaint by dropping Counts Two and Three. The Superior Court granted Plaintiffs' motion to amend on April 11, 2018. Mosler then moved to dismiss the amended Complaint.

On March 29, 2019, Linus and Jules filed a second motion to amend their pleadings for the purpose of removing Jules as a plaintiff and replacing him with James Jn Marie.

On October 22, 2019, the Superior Court held a hearing on all pending motions, issued rulings, and entered Orders the following day. The Superior Court granted Mosler's Motion to Dismiss and dismissed the Complaint with respect to Mosler. The Superior Court also granted Plaintiffs' second motion to amend. Pursuant to the October 23 Order, Plaintiffs filed a Revised Second Amended Complaint on October 23, 2019. The Revised Second Amended Complaint, hereinafter referred to as the Superior Court Complaint, alleges a single claim for violation of the Virgin Islands Anti-Monopoly Law. *See* **Exhibit A**.

On December 19, 2019, two years after the Superior Court Action was filed, and less than two months after Mosler was dismissed from the Superior Court Action, John St. Rose, Monrose Loctar, and Derrick James[3] commenced this action ("District Court Action") by filing a class action Complaint against three of the same defendants sued in the Superior Court Action: Spartan, Mosler, and Heavy Materials. Using language nearly identical to the Superior Court Complaint, the District Court Complaint also alleges that Defendants conspired to suppress and eliminate competition by territorially dividing the Virgin Islands market for ready-mix concrete and agreeing not to compete and that as a result of Defendants' conduct, Plaintiffs and members of the proposed class paid artificially inflated prices for ready-mix concrete and suffered financial injury.

---

[3] The plaintiffs in this action are represented by the same law firm which represents the plaintiffs in the Superior Court Action.

Just like the Complaint filed in the Superior Court Action, the District Court Action Complaint alleges Defendants violated the Virgin Islands Anti-Monopoly Law. The District Court Complaint also asserts Defendants violated the federal analogues of the Virgin Islands Anti-Monopoly Law, the Sherman and Clayton Antitrust Acts, and, as a separate cause of action, that Mosler is liable under a participating agent theory of liability under the common law of the Virgin Islands.

Under the rule against claim splitting, Plaintiffs were obligated to bring all their claims against Defendants which arise out of the same nucleus of operative facts in a single proceeding. The claims alleged in the District Court Action were either already raised and litigated, or are being litigated, against Spartan and Mosler in the Superior Court Action (in the case of the Virgin Islands Anti-Monopoly Law claim) or they could have been litigated in the Superior Court Action. Because the claim splitting doctrine prohibits such duplicative, piecemeal litigation, this second duplicative action must be dismissed.

### III. Rule Against Claim Splitting Bars Successive Duplicitous Actions

The instant second class action Complaint filed against Mosler and Spartan must be dismissed pursuant to the rule against claim splitting. The rule against claim splitting "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)); *see also Opdycke v. Stout*, 233 F. App'x 125, 131 (3d Cir. 2007) (applying New Jersey law and concluding that plaintiff "did not have the option of making an *England* reservation and splitting her claims between state and federal court. The attempt to do so was misplaced.").

### A. The Rule Against Claim Splitting

The rule against claim splitting prohibits a party and its privies from asserting any new claims in a subsequent suit, if the 'new' claims could have been brought in the first action. *See Gov't of Virgin Islands, Bureau of Internal Revenue v. Lansdale*, 172 F. Supp. 2d 636, 653 (D.V.I. 2001) (explaining that "the rule against claim-splitting would generally bar the tax receiver from asserting any new claims in a subsequent suit, if the claims could have been brought in the first action."); *see also Overseas Lease Grp., Inc. v. Plocher Constr. Co., Inc.*, 800 F. App'x 79, 83 (3d Cir. 2020) (stating that "[c]laim preclusion prohibits 'splitting' a cause of action that should have been brought in a single suit." (applying Missouri law)).

"Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004)). Claim splitting prohibits a second duplicative suit even if a plaintiff raises additional claims and theories of liability. *See Lansdale*, 172 F. Supp. 2d at 653 and n.17 ("It is the claim, not the theory, that is precluded based on identity of the underlying transactions.") (citing RESTATEMENT (SECOND) OF JUDGMENTS § 25 (1971) (claim preclusion applies even when new grounds or theories or evidence is presented or new remedies or forms of relief are sought); *Brown v. Felsen,* 442 U.S. 127, 138 (1979) (holding that claims arising from same transaction and previously available to plaintiff are also barred even if not asserted in first proceeding). The rule against claim splitting aims to prevent the splitting of claims "so that judicial economy is promoted and defendants are protected from harassment." *Jones v. Lapina*, 450 F. App'x 105, 109 (3d Cir. 2011) (citing *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1073 (3d Cir. 1990)).

In the class action context, where a putative class representative seeks only part of the relief which may be sought by the proposed class, the proposed representative may be engaging in improper claim splitting. *See Nafar v. Hollywood Tanning Sys., Inc.*, 339 F. App'x 216, 224 (3d Cir. 2009) (vacating district court's order certifying class and remanding for consideration of, among other things, "whether *res judicata* would apply to bar potential personal injury claims and, if so, whether that fact renders Nafar an inadequate class representative.")

Claim splitting is not limited to cases in which a final judgment was entered in the first-filed litigation. Instead, the test is "whether the first suit, assuming it were final, would preclude the second suit." *Vanover*, 857 F.3d at 841 (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). The test reflects the source of the rule against claim splitting, which is the power of "district courts to manage their docket and dispense with duplicative litigation." *Id.*

### B. District Court Complaint Must be Dismissed as Improper Claim Splitting

Dismissal is appropriate where "the subsequently filed suit involves the same parties or their privies and arises from the same transaction or series of transactions as the initial suit."[4] *Khan v. H & R Block E. Enterprises, Inc.*, No. 11-20335-CIV, 2011 WL 3269440, at *2 (S.D. Fla. July 29, 2011); *accord Vanover*, 857 F.3d at 841–42 ("The district court in this case properly applied a two-factor test whereby the court 'analyzes (1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions.'") (quoting *Khan*, 2011 WL 3269440, at *6).

---

[4] While the instant motion seeks dismissal under FED. R. CIV. P. 12(b)(6), "[f]ederal courts also traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute" including "motions to dismiss because another action is pending." 5C ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1360 (3d ed. April 2020 update).

**1. District Court Action and Superior Court Action Involve Same Parties and Privies**

The Superior Court Action was filed by Linus Gilbert and Isidore Jules, in their individual capacity and on behalf of all those similarly situated. The Superior Court Complaint purports to bring a class action against Mosler, Spartan, and Heavy Materials. Plaintiffs then substituted Isidore Jules for another purported class member, James Jn Marie. The District Court Action was filed by John St. Rose, Monrose Loctar, and Derrick James, individually and on behalf of all other similarly situated. The District Court Complaint also purports to bring a class action against Mosler, Spartan, and Heavy Materials.

Although John St. Rose, Monrose Loctar, and Derrick James are not the named plaintiffs in the Superior Court Action, they are certainly members of the purported class described in the Superior Court Complaint. Likewise, the members of the class described in the Superior Court Complaint would also be members of the nearly identical class described in the District Court Complaint. *Compare* **Exhibit A** at ¶ 13(a) & (b) ("Class" includes all persons in the United States Virgin Islands who purchased ready-mix concrete or aggregate directly from any defendant at any time during the Class Period, but excludes defendants, their co-conspirators, their respective partners, subsidiaries, and affiliates as well as federal, state, and local government entities and political subdivisions" and defining class period as "the period from at least December 2013 to October 2015.") *with* D.E. 1 at ¶ 12(a) & (b) ("Class" includes all persons in the United States Virgin Islands who purchased ready-mix concrete or aggregate directly from any defendant at any time during the Class Period." and defining "class period" means the period from at least December 2013 to October 2015.").

Accordingly, the Superior Court Action and the District Court Action involve the same parties and their privies.

**2. District Court Action and Superior Court Action Arise From Same Nucleus of Operative Facts**

A side-by-side comparison of the Superior Court Complaint and the Complaint filed in the instant matter demonstrate that the claims alleged in the two actions arise from a common nucleus of operative facts.

The factual allegations, the definitional allegations, and the class allegations in the Superior Court Complaint and the Complaint filed in this case are nearly identical. *Compare* **Exhibit A** at ¶ 13 ("Definitions") *with* D.E. 1 at ¶ 12 ("Definitions"); *compare* **Exhibit A** at ¶¶ 14-33 ("Facts") *with* D.E. 1 at ¶¶ 13-31 ("Facts"); *compare* **Exhibit A** at ¶¶ 34-40 ("Class Action Allegations") *with* D.E. 1 at ¶¶ 32-37 ("Class Action Allegations"). Both Complaints allege that they are pursuing class action litigation against Mosler and Spartan based on an alleged increase in the price of ready-mix concrete from December 2013 to October 2015.

Beyond the identical and near-identical factual allegations in the Superior Court Complaint and the District Court Complaint, the almost indistinguishable allegations in the two Complaints regarding questions of law and fact alleged to be common to all class members perhaps best demonstrate the duplicative nature of this action:

| Superior Court Complaint at ¶ 38 (Exhibit A) | District Court Complaint at ¶ 36 (D.E. 1) |
|---|---|
| Questions of law and fact common to all class members predominate over any questions affecting only individual Class members. Predominating common questions include, without limitation:<br><br>a. Whether Defendants and their co-conspirators conspired to divide the ready-mix concrete market in the U.S. Virgin Islands by geography; | Questions of law and fact common to all class members predominate over any questions affecting only individual Class members. Predominating common questions include, without limitation:<br><br>a. Whether Defendants and their co-conspirators conspired to divide the ready-mix concrete market in the U.S. Virgin Islands by geography; |

| | |
|---|---|
| b. The scope and extent of the conspiracy; | b. The scope and extent of the conspiracy; |
| c. Whether the conspiracy affected the prices of ready-mix concrete paid by Class members during the Class Period; | c. Whether the conspiracy affected the prices of ready-mix concrete paid by Class members during the Class Period; |
| d. The identity of each member of the conspiracy; | d. The members of the conspiracy; |
| e. The time period during which the conspiracy existed; | e. The time period during which the conspiracy existed; |
| f. Whether the combination, agreement, or conspiracy violated the U.S. Virgin Islands Anti-Monopoly Law and Consumer Protection Laws; | f. Whether the combination, agreement, or conspiracy violated the law; |
| g. Whether Plaintiffs and other members of the Class are entitled to declaratory or injunctive relief; | g. Whether Plaintiffs and other members of the Class are entitled to declaratory or injunctive relief; |
| h. The appropriate measure of statutory damages and jury verdict damages sustained by Plaintiffs and other members of the Class; and | h. The appropriate measure of statutory damages and jury verdict damages sustained by Plaintiffs and other members of the Class; and |
| i. Whether Defendants and their co-conspirators affirmatively and fraudulently concealed the conspiracy. | i. Whether Defendants and their co-conspirators affirmatively and fraudulently concealed the conspiracy. |

Comparing the two complaints shows that the District Court Complaint was a cut and paste job with few changes. There is no question that two suits arise out of the same nucleus of operative facts.

One illustration of a duplicative suit dismissed for improper claim-splitting is *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833 (11th Cir. 2017). The plaintiff Vanover filed a complaint against NCO Financial Systems, Inc. ("NCO") in the Middle District of Florida in April 2014 for violations of the federal Telephone Consumer Protection Act ("TCPA"). *Vanover*, 857 F.3d at

836. Nearly one year later, Vanover sued NCO again, this time in Florida state court, alleging violations of the TCPA, the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). *Id.* NCO removed the Florida state court action to federal court (the Middle District of Florida) and moved to dismiss on grounds that the second suit constituted improper claim-splitting. *Id.*

The district court granted the motion to dismiss for improper claim splitting. The Eleventh Circuit, noting that it was addressing an issue of first impression, affirmed. *Id.* The Eleventh Circuit found that the district court properly analyzed claim splitting by applying a two factor test: "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841-42 (quoting *Khan*, 2011 WL 3269440, at *6). First, the Eleventh Circuit found that district court correctly determined that the parties in both cases were identical. *Id.* at 842. Therefore, the first prong was satisfied. Second, the Eleventh Circuit found that the district court also correctly determined that both cases were "based on the same nucleus of operative facts . . ." *Id.*

Notably, the Eleventh Circuit affirmed that the plaintiff could not avoid dismissal on claim splitting grounds by including additional causes of action in the second suit. *Id.* at 843. The Eleventh Circuit explains:

> Vanover includes two new causes of action in *Vanover II* alleging violations of the FDCPA and FCCPA. These claims arise out of the same transactional nucleus of facts as the TCPA claim asserted in *Vanover I*. Accordingly, the addition of separate causes of action in *Vanover II* does not prevent application of the claim-splitting doctrine. To rule otherwise would defeat the objective of the claim-splitting doctrine to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket. Wherefore, the district court did not err in dismissing *Vanover II* for improper claim-splitting.

*Id.*

Accordingly, because the District Court Action and the Superior Court Action involve the same parties and their privies and both actions arise from the same nucleus of operative facts, the District Court Action must be dismissed pursuant to the rule against claim splitting. Allowing the District Court Action to proceed would only waste judicial resources, cause needless expense to the Defendants, and would be ultimately futile as the named class representatives in the District Court Action cannot possibly serve as representatives in the District Court Action when they are already members of the same putative class in the Superior Court Action. Any judgment rendered in the Superior Court Action would disqualify them as class representatives in the instant action as their claims would be subject to res judicata, making this duplicitous suit a colossal waste of time and resources.

### IV.     Untimely Complaint is Barred by the Statute of Limitations

Even if this matter could proceed, the Complaint is barred by the four-year statute of limitations.

"To survive a motion to dismiss, a complaint must contain sufficient facts 'to state a claim to relief that is plausible on its face.'" *White v. Hon Co.*, 520 F. App'x 93, 94 (3d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." *Cain v. Dep't of Pub. Welfare, Office of Sec'y Reconsideration Unit*, 442 F. App'x 638 (3d Cir. 2011) (citing *Jones v. Bock,* 549 U.S. 199, 215 (2007); *Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978)).

Counts One and Two, alleging violation of the Sherman and Clayton Acts and the Virgin Islands Anti-Monopoly Law, respectively, are subject to four-year statutes of limitation. *See* 15 U.S.C. § 15b ("[a]ny action to enforce any cause of action under section 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued.") and 11 V.I.C. § 1507 ("[a]ny action for damages be forever barred unless commenced within four years after the cause of action accrued . . .")

The Complaint was filed on December 19, 2019. Accordingly, the conduct complained of must have occurred no later than December 19, 2015. The Complaint, however, alleges that the relevant timeframe is "from at least December 2013 to October 2015." On its face, the Complaint is premised on conduct that occurred, even at the latest date, outside the four-year limitations period.

The Complaint also lacks any plausible allegation for any sort of tolling exception to the statute of limitations. Even from the allegations of the Complaint it is clear that the members of the purported class were aware that the retail suppliers of concrete on each island went from two to one during the class period. Also clear is that the members of the purported class were aware of the price they paid for concrete and any change in that price. Accordingly, the members of the class at a minimum were on inquiry notice as to any damages they claim they suffered.

The Complaint spuriously alleges Plaintiffs were reasonably diligent in filing the Complaint and that they had no knowledge of the wrongful conduct alleged herein or of any of the facts that might have led to discovery thereof until the summer of 2019. D.E. 1 at ¶ 64. This

allegation is patently false on its face.[5] Additionally, the allegation that Defendants fraudulently concealed their conduct is devoid of factual support and merely a conclusion.

As the Third Circuit Court of Appeals has made clear, mere "'[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements' are insufficient to survive a motion to dismiss." *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015) (citations omitted). Moreover, any allegation of fraud must be pled with particularity. FED. R. CIV. P. 9(b). Here, the Complaint is on its face barred by the statute of limitations and no facts are pled which would support any tolling claim. Accordingly, the Complaint must be dismissed.[6]

### V.    Anti-Monopoly Law Claim Against Mosler Must be Dismissed

Even if the Complaint was not barred by the claim splitting rule and the statute of limitations, Count Two, which alleges a violation of the Virgin Islands Anti-Monopoly Law, must

---

[5] The statement that Plaintiffs could not have known of the conduct alleged in Plaintiffs' Complaint until the summer of 2019 is clearly not true. The original Complaint filed in the Superior Court Action on December 12, 2017 alleges that the transcript of *Spartan Concrete Products, LLC v. Argos USVI Corp.*, Civ. No. 3:15-cv-00004 (D.V.I. Jul. 17, 2017) was published on Pacer on August 14, 2017. This allegation was not amended by Plaintiffs in either of their two amendments to the original Complaint. *See* **Exhibit A** at ¶ 47. Accordingly, even according the Superior Court Complaint, the alleged factual basis for the instant action was publicized on August 14, 2017.

[6] The Superior Court Action, which purports to be a class action, alleges the same Virgin Islands Anti-Monopoly claim against Mosler and Spartan based on the same facts alleged in this case. The United States Supreme Court has held that a plaintiff may not file a putative class action outside the statute of limitations by piggybacking on an earlier-filed putative class action. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806, 201 L. Ed. 2d 123 (2018) ("We hold that *American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action. The "efficiency and economy of litigation" that support tolling of individual claims, *American Pipe,* 414 U.S., at 553, 94 S.Ct. 756 do not support maintenance of untimely successive class actions; any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification.").

be dismissed with respect to Mosler because it fails to state any claim against him pursuant to the language of the Virgin Islands LLC Act and the Anti-Monopoly Law.[7]

### A. Statutory Construction Principles Require Dismissal

When Virgin Islands courts interpret statutory text, their "first step 'is to determine whether the language at issue has a plain and unambiguous meaning.'" *One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 924 (V.I. 2017) (quoting *Matter of Adoption of L.O.F.*, 62 V.I. 655, 661 (V.I. 2015)). To this end, the Virgin Islands Code requires that:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning.

1 V.I.C. § 42; *see also One St. Peter, LLC*, 67 V.I. at 924 (citing 1 V.I.C. § 42 and quoting *Yates v. United States*, 574 U.S. 528, 537 (2015) ("'[T]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which the language is used, and the broader context of the statute as a whole.'") (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (alterations in original)).

"[W]hen the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning." *Codrington v. People*, 57 V.I. 176, 185 (V.I. 2012) (citing *People of the Virgin Islands v. Baxter*, 49 V.I. 384 (V.I. Feb. 12, 2008) (citing *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253–54 (1992)) (stating "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.

---

[7] As set forth herein, in the Superior Court Action, the Court granted Mosler's motion to dismiss based on the plain language of the Anti-Monopoly Law and denied Plaintiffs' motion for reconsideration of the Court's order of dismissal.

When the words of a statute are unambiguous, then, the first canon is also the last: judicial inquiry is complete.")).

Here, there is no ambiguity. Pursuant to the plain text of the LLC Act and the Antimonopoly Law, Count Two must be dismissed because Mosler's only connection to the allegations of the Complaint is through his membership in Spartan Concrete Products, LLC.

### B. Mosler is Not Liable for Spartan's Alleged Liabilities Pursuant to the LLC Act

Mosler is not liable for any alleged liabilities of Spartan pursuant to the LLC Act. The LLC Act provides that

> A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

13 V.I.C. § 1303(a). The LLC Act makes clear that if Plaintiffs are entitled to any remedy, it would be to allege claims against Spartan, not against individual members of Spartan. The Complaint does not even attempt to allege that Mosler acted in his personal capacity, or other than, as a member of Spartan.

The language of Count Two is telling, in that it does not specifically refer to Mosler. Count Two only generally alleges that "Defendants and their co-conspirators" violated the Virgin Islands Anti-Monopoly Law. D.E. 1 at ¶¶ 44-48. Additionally, the factual allegations introduce Mosler as "member and/or manager of defendant Spartan . . . ." D.E. 1 at ¶ 16. In fact, even where the Complaint refers to Mosler, it explicitly recognizes that Mosler acted in his capacity as a member of Spartan. Paragraph 15 describes an alleged strategy "by Mosler, *a member of Spartan*."; Paragraph 16 claims "*Spartan* (at Mosler's direction) lowered its prices further"; and Paragraphs 17 and 19 allege "Mosler (though Spartan)" negotiated with Heavy Materials. The factual allegations of the Complaint plainly demonstrate that the Complaint is aimed at Spartan and Heavy

Materials, the two entities that were, unlike Mosler, in the ready-mix concrete business in the Virgin Islands. *See* D.E. 1 at ¶¶ 1-2; 13-36.

Accordingly, pursuant to the plain language of the LLC Act, Count Two must be dismissed with respect to Mosler because it does not and cannot allege any claim against Mosler in his individual capacity.

### C. Count Two Must be Dismissed with Respect to Mosler Because § 1503(1)(c) of the Virgin Islands Antimonopoly Applies Only to "Competitors"

Count Two of the Complaint claims that "Defendants" violated a specific portion of the Virgin Islands Anti-Monopoly Law – section 1503(1)(c) of the Title 11 of the Virgin Islands Code. Section 1503(1)(c) makes it unlawful for a competitor to conspire with another competitor to, essentially, divide customers, territories, or markets for any commodity or service. It provides:

> Every person shall be deemed to have committed a violation of this chapter who shall:
>
> Make any contract with, or engage in any combination or conspiracy with, any other person who is, or but for a prior agreement would be, **a competitor of such person**:
>
> [for the purpose or with the effect of] allocating or dividing customers, territories, supplies, sales, or markets, functional or geographical, for any commodity or service;

11 V.I.C. § 1503 (emphasis added).

It is evident from the plain language of § 1503(1)(c) that the provision applies only to "competitors" who have conspired with another competitor. The Complaint cannot and does not allege that Mosler is a competitor – instead, it merely claims that he acted through Spartan.

Therefore, Count Two must be dismissed with respect to Mosler because Mosler was not a "competitor" in the ready-mix concrete business.[8]

## VI.     CONCLUSION: COMPLAINT MUST BE DISMISSED

The Complaint must be dismissed in its entirety pursuant to the rule against claim splitting because it involves the same parties and their privies as the Superior Court Action and both the instant litigation and the Superior Court Action arise out of the same nucleus of operative facts. Additionally, the Complaint is wholly barred by the statute of limitations. Finally, even if the Complaint could survive, the Complaint fails to state a claim for violation of the Anti-Monopoly Law against Mosler.

**WHEREFORE**, Spartan and Mosler seek an Order dismissing the Complaint.

Respectfully,

Dated: May 19, 2020                                */s/ Christopher Allen Kroblin*
                                                                           **CHRISTOPHER ALLEN KROBLIN, ESQ.**
                                                                           **MARJORIE WHALEN, ESQ.**
                                                                           V.I. Bar Nos. 966 & R2019
                                                                           KELLERHALS FERGUSON KROBLIN PLLC
                                                                           Royal Palms Professional Building
                                                                           9053 Estate Thomas, Suite 101
                                                                           St. Thomas, U.S.V.I. 00802
                                                                           Telephone: (340) 779-2564
                                                                           Facsimile: (888) 316-9269
                                                                           Email: ckroblin@kellfer.com
                                                                                             mwhalen@kellfer.com

---

[8] In the Superior Court Action, the Court granted Mosler's motion to dismiss the First Amended Complaint because Mosler was not a "competitor" under 1503(1)(c). "Based on a liberal reading of the complaint, Mosler's involvement in the purported unlawful activities was in his capacity as a member of Spartan Concrete, LLC, a limited liability company. Plaintiffs' conceded as much during oral argument. Hr'g Tr. at 42. Because Mosler was acting on behalf of Spartan Concrete, he was not a competitor for the purposes of liability under section 1503(1)(c)." Order dated April 8, 2020 on plaintiffs' motion to reconsider attached hereto as **Exhibit B** at 2.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of May, 2020, a true and exact copy of the foregoing **Mosler and Spartan's Motion to Dismiss Complaint** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Korey A. Nelson, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
*knelson@burnscharest.com*
*mhenry@burnscharest.com*

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890
St. Thomas, V.I. 00804
*pate@sunlawvi.com*
*sunlawvi@gmail.com*        */s/ Christopher Allen Kroblin*