IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOHN ST. ROSE, MONROSE LOCTAR, and DERRICK JAMES, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Civil No. 2019-117 |
| vs. | ) |
| HEAVY MATERIALS, LLC, SPARTAN CONCRETE PRODUCTS, LLC, and WARREN MOSLER, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is the defendants Mosler and Spartan's motion [ECF 39] to stay the operation of this Court's Order of September 22, 2020 [ECF 36] granting the plaintiffs' motion to amend the complaint. This motion is being decided without the need for a response. LRCi 7.1(e)(3).

In deciding whether to stay proceedings pending an appeal or, in this case, an objection, the Court must consider four factors: "(1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1]

First, although the defendants obviously disagree with the result, they do not make a "strong showing" that they are likely to succeed on the merits of their objections. They argue in support of the stay that the Court erred because it "declin[ed] to determine whether the diligence

---

[1] *See, e.g., S. New Eng. Tel. Co. v. Global NAPs, Inc.*, 2007 U.S. Dist. LEXIS 79729, *3-4 (D.V.I. Oct. 26, 2007) (citations omitted).

*St. Rose, et al. v. Heavy Materials, LLC, et al.*
Civil No. 2019-117
Page 2

element of Plaintiff's fraudulent concealment claim was sufficiently pled." [ECF 39] at 2. In fact, the Court did nothing of the sort, and only declined to find at this stage "that the proposed amendment is futile." [ECF 36] at 8. Defendants do not make a strong showing that the decision was clearly erroneous or contrary to law.

With respect to the irreparable harm factor, defendants argue only that going forward with discovery "would be unduly burdensome." Next, the Court considers whether the other parties or the public may be harmed by a stay. The defendants make no argument in this regard. The parties' and the public's interest lie plainly in favor of moving this case toward prompt resolution, and in supporting the free exchange of information and evidence in discovery as an avenue toward finding the truth.

The Court thus finds defendants have not made the requisite showing necessary to merit a stay of the Order. As a result, it is hereby ORDERED that the motion to stay is DENIED.

**Dated:** October 7, 2020          S_____
                                                         **RUTH MILLER**
                                                         United States Magistrate Judge