IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN
********************

| | |
|---|---|
| JOHN ST. ROSE, MONROSE LOCTAR, and ) <br> DERRICK JAMES, individually and on behalf ) <br> of all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HEAVY MATERIALS, LLC, SPARTAN ) <br> CONCRETE PRODUCTS, LLC, and ) <br> WARREN MOSLER, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:19-CV-117 <br><br> **Class Action Requested** <br><br> **Jury Trial Demanded** |

## WARREN MOSLER'S RESPONSES TO

## PLAINTIFFS' FIRST SET OF DISCOVERY

**COMES NOW** Defendant **Warren Mosler** ("Mosler"), by and through KELLERHALS FERGUSON KROBLIN PLLC, and hereby responds to Plaintiffs' First Set of Discovery Requests to Defendant Warren Mosler as follows:

### Requests for Production

Produce for inspection or copying the following documents within your possession, custody, or control:

1. Correspondences to or from You referring to Heavy Materials from one year prior to the beginning of the Class Period through the end of the Class Period.

**RESPONSE:** See Document Nos. 000219-227.

2. Correspondences involving or between You and any employee and/or agent of Heavy Materials from nine months prior to the beginning of the Class Period through the end of the Class Period referring to Heavy Materials.

**RESPONSE:** See Document Nos. 000202-204; 000212-227.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-9   Filed: 07/13/21   Page 2 of 8

*St. Rose v. Heavy Materials, LLC et al.*          Case No. 3:19-cv-117
Mosler's Responses to Plaintiffs' First Set of Discovery          Page 2

3.      Correspondences between You and Rodgers Bressi from nine months prior to the beginning of the Class Period through the end of the Class Period regarding Heavy Materials and/or the market(s) for ready-mix concrete in the U.S. Virgin Islands.

**RESPONSE:** See Document Nos. 035254-35260.

4.      Documents or correspondences sent to You by the EDA regarding the Requirement Supply Agreement, Assignment of Lease, or any allegation contained in the First Amended Complaint.

**RESPONSE:** None.

5.      Documents or correspondences sent by You to the EDA regarding any inquiry by the EDA into the Requirement Supply Agreement, Assignment of Lease, or any allegation contained in the First Amended Complaint.

**RESPONSE:** None.

6.      Correspondences or documents (specifically including subpoenas) sent to You by any Government Agency regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

       Additionally, the scope of documents sought is overbroad and unduly burdensome in that the request does not specify any timeframe, place, or topic and any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure. Should Plaintiffs revise their request to conform with the scope of discovery permissible under Rule 26(b) by requesting more particularized categories of documents proportional to the needs of this case, considering the

Case: 3:19-cv-00117-RAM-RM   Document #: 81-9   Filed: 07/13/21   Page 3 of 8

*St. Rose v. Heavy Materials, LLC et al.*     Case No. 3:19-cv-117
Mosler's Responses to Plaintiffs' First Set of Discovery     Page 3

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, Mosler is willing to consider such a revised request.

7. Correspondences by You to any Government Agency in response to any correspondence or subpoenas regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that the request does not specify any timeframe, place, or topic and any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure. Should Plaintiffs revise their request to conform with the scope of discovery permissible under Rule 26(b) by requesting more particularized categories of documents proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, Mosler is willing to consider such a revised request.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-9   Filed: 07/13/21   Page 4 of 8

*St. Rose v. Heavy Materials, LLC et al.*        Case No. 3:19-cv-117
Mosler's Responses to Plaintiffs' First Set of Discovery        Page 4

8. Documents produced by You to any Government Agency in response to an inquiry or subpoena regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by Fed. R. Crim. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that the request does not specify any timeframe, place, or topic and any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure. Should Plaintiffs revise their request to conform with the scope of discovery permissible under Rule 26(b) by requesting more particularized categories of documents proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, Mosler is willing to consider such a revised request.

9. Documents revealing any meeting(s) between You and any Government Agency regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by Fed. R. Crim. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142

Case: 3:19-cv-00117-RAM-RM Document #: 81-9 Filed: 07/13/21 Page 5 of 8

*St. Rose v. Heavy Materials, LLC et al.*     Case No. 3:19-cv-117
Mosler's Responses to Plaintiffs' First Set of Discovery     Page 5

(3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure and the request seeks documents not limited to any timeframe, place, or topic.

10. Notes of any meeting(s) between You and any Government Agency regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by Fed. R. Crim. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure and the request seeks documents not limited to any timeframe, place, or topic.

11. Documents revealing any proffer or offer to proffer testimony by You to any Government Agency regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-9   Filed: 07/13/21   Page 6 of 8

*St. Rose v. Heavy Materials, LLC et al.*     Case No. 3:19-cv-117
Mosler's Responses to Plaintiffs' First Set of Discovery     Page 6

Moreover, disclosure may be prohibited by Fed. R. Crim. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure and the request seeks documents not limited to any timeframe, place, or topic.

## Interrogatories

1. Provide the names of all persons whom, to your knowledge, were interviewed (or reasonably suspect were interviewed) by any Government Agency regarding potential violations of federal or territorial law as a result of the Requirement Supply Agreement and/or Assignment of Lease.

**RESPONSE:** Objection in that disclosure may be prohibited by Fed. R. Crim. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

2. Identify any email addresses that You used or maintained to conduct business on behalf of Spartan.

**RESPONSE:** warren.mosler@gmail.com.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-9   Filed: 07/13/21   Page 7 of 8

*St. Rose v. Heavy Materials, LLC et al.*                                                   *Case No. 3:19-cv-117*
Mosler's Responses to Plaintiffs' First Set of Discovery                                                     Page 7

3.      Identify any phone numbers that You used or maintained to conduct business on behalf of Spartan.

**RESPONSE:** The office phone number for Valance Co., Inc. 340-718-7710, and 561-818-4039.

4.      Identify any means of communication besides email or phone that You used or maintained to conduct business on behalf of Spartan, including business communication platforms such as Slack.

**RESPONSE:** None.

                                                        Respectfully,

Dated: March 16, 2021                   */s/ Christopher Allen Kroblin*
                                        **CHRISTOPHER ALLEN KROBLIN, ESQ.**
                                        **MARJORIE WHALEN, ESQ.**
                                        V.I. Bar Nos. 966 & R2019
                                        KELLERHALS FERGUSON KROBLIN PLLC
                                        Royal Palms Professional Building
                                        9053 Estate Thomas, Suite 101
                                        St. Thomas, U.S.V.I. 00802
                                        Telephone: (340) 779-2564
                                        Facsimile: (888) 316-9269
                                        Email: ckroblin@kellfer.com
                                               mwhalen@kellfer.com

*St. Rose v. Heavy Materials, LLC et al.*                           *Case No. 3:19-cv-117*
Mosler's Responses to Plaintiffs' First Set of Discovery                Page 8

# **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on this 16th day of March, 2021, I caused a true and exact copy of the foregoing **Mosler's Responses to Plaintiffs' First Set of Discovery** to be served via electronic mail upon:

Korey A. Nelson, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
*knelson@burnscharest.com*
*mhenry@burnscharest.com*

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890
St. Thomas, V.I. 00804
*pate@sunlawvi.com*
*sunlawvi@gmail.com*                            */s/ Christopher Allen Kroblin*