**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| JOHN ST. ROSE, MONROSE LOCTAR, and DERRICK JAMES, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) HEAVY MATERIALS, LLC, SPARTAN ) CONCRETE PRODUCTS, LLC, and ) WARREN MOSLER, ) ) Defendants. ) ) | Case No. 3:19-CV-117<br><br>**Class Action Requested**<br><br>**Jury Trial Demanded** |

**SPARTAN CONCRETE PRODUCTS, LLC'S RESPONSES TO**
**PLAINTIFFS' REQUESTS FOR PRODUCTION AND INTERROGATORIES**

**COME NOW** Defendant **Spartan Concrete Products, LLC**, by and through Kellerhals Kroblin Ferguson, PLLC, and hereby responds to Plaintiffs' First Set of Discovery Requests to Defendant Spartan Concrete Products, LLC as follows:

**Requests for Production**

**General Objection**: To the extent Plaintiffs' Requests for Production seek documents from Heavy Materials, the parties have agreed that Plaintiffs will seek documents directly from HM. Accordingly, these Responses to Plaintiffs' Requests for Production do **not** include any documents produced by Heavy Materials, LLC to Spartan in the Spartan v. Argos litigation, which was docketed in the District Court of the Virgin Islands as *Spartan Concrete Products, LLC v. Argos USVI, Corp. f/k/a Caricement USVI, Corp.*, Case No. 3:15-cv-00004-CVG-RM.

*St. Rose v. Heavy Materials, LLC et al.*  *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories  Page 2

1. An executed copy of the Requirement Supply Agreement.

    **RESPONSE:** See Document No. 489-496 735.030.001 produced in the Superior Court litigation.

2. An executed copy of the Assignment of Lease.

    **RESPONSE:** See Document No. 198-201 735.030.001 produced in the Superior Court litigation.

3. Drafts of the Requirements Supply Agreement.

    **RESPONSE:** Spartan has not uncovered any responsive documents, however discovery is ongoing and Spartan reserves the right to supplement this response.

4. Drafts of the Assignment of Lease.

    **RESPONSE:** Spartan has not uncovered any responsive documents, however discovery is ongoing and Spartan reserves the right to supplement this response.

5. Any term sheets between Spartan and Heavy Materials, including Drafts.

    **RESPONSE:** None.

6. Any agreements between Spartan and Heavy Materials, including Drafts.

    **RESPONSE:** See Document Nos. 198-201 735.030.001; 489-496 735.030.001 produced in the Superior Court litigation.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 3 of 20

*St. Rose v. Heavy Materials, LLC et al.*            Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories      Page 3

7.       The thumb/jump drive that Shirley Winslow gave to or left with Spartan that contains financial records of Spartan and/or its QuickBooks data, which is in the possession of Mario Aiello and identified by him at pages 18 and 19 of the Rule 30(b)(6) deposition of Spartan conducted on April 12, 2019.

**RESPONSE:** See Document Nos. 001451-035253 as well as native format documents produced via file link to Plaintiffs' Counsel in the Superior Court litigation on July 22, 2019.

8.       All financial data that Spartan maintains in QuickBooks software from January 2007 through December 2015.

**RESPONSE:** See Document Nos. 001451-035253 as well as native format documents produced via file link to Plaintiffs' Counsel in the Superior Court litigation on July 22, 2019.

9.       Documents relating to Your costs to manufacture, market, transport, and sell ready-mix concrete in the U.S. Virgin Islands.

**RESPONSE:** Objection. This request for production calls for documents from an unlimited time period. Notwithstanding the foregoing objections, *see* the following Document Nos. produced in the Superior Court litigation: 000001-25 00735.030.001, which are hereby designated as CONFIDENTIAL; 000143-157-000735.030.001; 000207-218-735.030.001; 000228-478-00735.030.001; 000498-502-00735.030.001; and 000525-00735.030.001; see generally Document Nos. 001451-035253 as well as native format documents produced via file link to Plaintiffs' Counsel in the Superior Court litigation on July 22, 2019.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 4 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                                         Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories                      Page 4

10. Documents sufficient to reveal Spartan's Financial Metrics.

> **RESPONSE:** Objection. This request for production calls for documents from an unlimited time period. Notwithstanding the foregoing objections, see the Document Numbers produced in the Superior Court litigation listed below:
>
> **a) Audited, unaudited, and interim financial statements including all notes to financial statements:** See Document Nos. 000001-25 00735.030.001, which are hereby designated as **CONFIDENTIAL** (P&Ls 2010-2013).
>
> **b) Tax Returns:** See Document Nos. 000026-141 which are hereby designated as **CONFIDENTIAL** (2010-2015 tax returns); 000503-522; 001216-1251; 001322-1333.
>
> **c) Extracts from Spartan's accounting system(s) sufficient to identify sales transactions and related costs:** See Document Nos. 000143-157-000735.030.001; 207-218-00735.030.001; 000228-478-00735.030.001; 000498-502-00735.030.001; and 000525-00735.030.001; 001451-035253.

11. Documents that show Spartan's list prices for ready-mix concrete on both St. Croix and St. Thomas after January 1, 2007.

> **RESPONSE:** See documents produced by Heavy Materials in Spartan v. Argos litigation, produced to Plaintiffs' counsel in the Superior Court litigation, designated as <u>Highly Confidential</u> HEAVY-04864-04866 (Spartan December 2010 price list) and

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 5 of 20

*St. Rose v. Heavy Materials, LLC et al.*     Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories     Page 5

<u>Confidential</u> HEAVY-2537-2538 (price list effective June 1, 2015). See also Spartan v. Argos Document No. 000523 ("Spartan Concrete is Here to Help! Concrete Prices Are Coming Down Again!"; undated).

12. Documents discussing or revealing any terms or conditions upon which Spartan would sell ready-mix concrete at a discount from the list price.

   **RESPONSE:** None.

13. For each and every purchase of ready-mix concrete from January 1, 2007 through the end of the Class Period, documents sufficient to show the purchase date, purchase price, and volume purchased, including whether such price was discounted and the reason for the discount.

   **RESPONSE:** See Document Nos. 000228-452-00735.030.001 produced in the Superior Court litigation and see generally Document Nos. 001451-035253 as well as native format documents produced via file link to Plaintiffs' Counsel in the Superior Court litigation on July 22, 2019. Spartan did not offer discounts during the Class Period.

14. Documents sufficient to identify the Class Members.

   **RESPONSE:** See Document Nos. 000228-452-00735.030.001; 000751-1153; 027682-028292; 030213-030893; 033032-033628 produced in the Superior Court litigation as well as native format versions of documents produced via file link to Plaintiffs' Counsel in the Superior Court litigation on July 22, 2019 produced in the Superior Court litigation.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 6 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                                                                          Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories                                                        Page 6

15. Documents sufficient to identify those Class Members to whom You sold ready-mix concrete at a discount from the list price during the Class Period.

   **RESPONSE:** None. Spartan did not offer discounts during the Class Period.

16. For each Class Member, documents sufficient to identify the purchase date, purchase price, and volume purchased.

   **RESPONSE:** See Document Nos. 000228-452-00735.030.001; 000751-1153; 027682-028292; 030213-030893; 033032-033628 produced in the Superior Court litigation as well as native format versions of documents produced via file link to Plaintiffs' Counsel in the Superior Court litigation on July 22, 2019.produced in the Superior Court litigation.

17. Documents that indicate, demonstrate, or reflect an intent by Spartan, if any, to re-enter the St. Thomas market for the sale of ready-mix concrete after it entered into the Assignment of Lease.

   **RESPONSE:** None.

18. Documents regarding Spartan's actual or projected market share for ready-mix concrete in the U.S. Virgin Islands from January 1, 2007 through the end of the Class Period.

   **RESPONSE:** See Document Nos. 000524-525-00735.030.001 produced in the Superior Court litigation.

19. Documents concerning any business plans, strategy, or competitive analysis with respect to the market for ready-mix concrete in the U.S. Virgin Islands.

   **RESPONSE:** Other than already-produced communications, none. Spartan will supplement with responsive documents if any are found.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 7 of 20

St. Rose v. Heavy Materials, LLC et al.                                                    Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories                          Page 7

20. Documents that indicate, demonstrate, or reflect an intent by Spartan, if any, to re-enter the St. Thomas market for the sale of ready-mix concrete after it entered into the Assignment of Lease.

    **RESPONSE:** None.

21. Documents advertising the sale of ready-mix concrete in the U.S. Virgin Islands.

    **RESPONSE:** See Document Nos. 000523-00735.030.001 produced in the Superior Court litigation.

22. Documents revealing Spartan's document retention policy or any decision regarding the retention, storage or destruction of business documents.

    **RESPONSE:** Spartan does not have a written document retention policy. See transcript of Plaintiffs' deposition of Mario Aiello in the Superior Court litigation.

23. Documents sufficient to show Spartan's organizational structure, including the names of all officers, from January 1, 2007 through the end of the Class Period.

    **RESPONSE:** See the following Document Nos. produced in the Superior Court litigation: 000601-633-00735.030.003 (Amended and Restated Operating Agreement effective August 1, 2010); 000634-69800735.030.003 (Officer's Certificate dated October 27, 2015) which are hereby designated as **CONFIDENTIAL**.

24. Documents that explain the relationship between Valance Co., Inc. and Spartan.

    **RESPONSE:** See transcript of 30(b)(6) deposition of Spartan Concrete dated August 30, 2016 at pages 5-7, which was produced in the Superior Court litigation. To Spartan's knowledge, there are no such official documents.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 8 of 20

*St. Rose v. Heavy Materials, LLC et al.*             *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories      Page 8

25. Documents sufficient to show transfer in Your ownership to or the disposition of Your assets to U.S. Concrete, Inc.

> **RESPONSE:** See Document Nos. 000543-750-00735.030.003, produced in the
>
> Superior Court litigation, which are hereby designated as **CONFIDENTIAL**.

26. Correspondence regarding any contractual negotiations between Spartan (by and through its employees and/or agents) and Heavy Materials (by and through its employees and/or agents) from January 1, 2010 through the end of the Class Period.

> **RESPONSE:** See Document Nos. 000202-227-00735.030.001.

27. Correspondence involving or between Michael Pede and Warren Mosler referring to Heavy Materials from one year prior to the beginning of the Class Period through the end of the Class Period.

> **RESPONSE:** See Document Nos. 000219-227; 472-477 produced in the Superior Court litigation.

28. Correspondence between Warren Mosler or Michael Pede and any employee and/or agent of Heavy Materials from nine months prior to the beginning of the Class Period through the end of the Class Period.

> **RESPONSE:** See Document Nos. 000202-227 produced in the Superior Court litigation.

29. Correspondence between Warren Mosler and Rodgers Bressi from nine months prior to the beginning of the Class Period through the end of the Class Period regarding Heavy Materials and/or the market(s) for ready-mix concrete in the U.S. Virgin Islands.

> **RESPONSE:** See Document Nos. 035254-35260.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 9 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                              Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories            Page 9

30. All documents You received or produced in discovery in the *Argos* Litigation.

    **RESPONSE:** See documents provided to Plaintiffs' Counsel in Superior Court action referenced in Spartan's response to Plaintiffs' Requests for Production dated January 2, 2019 at Request for Production 15(c), which response provides:

    > See documents produced by Spartan in discovery in *Spartan v. Argos*, designated as Document Nos. 000001-542-00735.030.001, as well as documents produced in this litigation by Spartan numbered 000543-750-00735.030.003, and Argos USVI Corp. Document Nos. 000001-3114. <u>Please be advised that Argos designated the following documents as **CONFIDENTIAL**: 000001-3114</u> and are produced pursuant to the Confidentiality Agreement.

    > By agreement of Counsel, Documents produced by Heavy Materials in *Spartan v. Argos* are not included in Spartan's responses to Plaintiffs' Requests for Production.

31. Transcripts of all depositions taken in the *Argos* Litigation.

    **RESPONSE:** See transcripts provided to Plaintiffs' Counsel in the Superior Court in response to Plaintiffs' Requests for Production dated January 2, 2019 at Request for Production 15(a), which response provides:

    > See transcripts of the following depositions which are hereby designated as **CONFIDENTIAL**: Jesus Arias (June 28, 2016); Rodger Bressi, Jr. (August 31, 2016); Kurt Nose (September 20, 2016); Michael Pede (November 18, 2016); and 30(b)(6) Deposition of Spartan Concrete Products, LLC (Michael Pede) (August 30, 2016). The transcript of the deposition Douglas Gurlea (September 29, 2016) is excluded from this production because it contains information and/or documents designated as confidential by Heavy Materials and Plaintiffs may obtain the transcript from Heavy Materials.

32. Documents or correspondences sent to Spartan or Warren Mosler by the EDA regarding the Requirement Supply Agreement, Assignment of Lease, or any allegation contained in the First Amended Complaint.

    **RESPONSE:** None.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 10 of 20

*St. Rose v. Heavy Materials, LLC et al.*            Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories      Page 10

33. Documents or correspondences sent by Spartan or Warren Mosler to the EDA regarding any inquiry by the EDA into the Requirement Supply Agreement, Assignment of Lease, or any allegation contained in the First Amended Complaint.

    **RESPONSE:** None.

34. Correspondences or documents (including subpoenas) sent to Spartan or Warren Mosler by any Government Agency regarding potential violations of federal or Virgin Islands law.

    **RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

    Additionally, the scope of documents sought is overbroad and unduly burdensome in that the request does not specify any timeframe, place, or topic and any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure. Should Plaintiffs revise their request to conform with the scope of discovery permissible under Rule 26(b) by requesting more particularized categories of documents proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, Spartan is willing to consider such a revised request.

Case: 3:19-cv-00117-RAM-RM  Document #: 81-10  Filed: 07/13/21  Page 11 of 20

*St. Rose v. Heavy Materials, LLC et al.*     Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories     Page 11

35. Correspondences by Spartan or Warren Mosler to any Government Agency in response to any correspondence or subpoenas regarding potential violations of federal or Virgin Islands law.

> **RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.*, 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).
>
> Additionally, the scope of documents sought is overbroad and unduly burdensome in that the request does not specify any timeframe, place, or topic and any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure. Should Plaintiffs revise their request to conform with the scope of discovery permissible under Rule 26(b) by requesting more particularized categories of documents proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, Spartan is willing to consider such a revised request.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 12 of 20

*St. Rose v. Heavy Materials, LLC et al.*  Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories  Page 12

36. Documents produced by Spartan or Warren Mosler to any Government Agency in response to an inquiry or subpoena regarding potential violations of federal or Virgin Islands law.

> **RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.*, 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).
>
> Additionally, the scope of documents sought is overbroad and unduly burdensome in that the request does not specify any timeframe, place, or topic and any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure. Should Plaintiffs revise their request to conform with the scope of discovery permissible under Rule 26(b) by requesting more particularized categories of documents proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, Spartan is willing to consider such a revised request.

37. Documents revealing any meeting(s) between Spartan or Warren Mosler and any Government Agency regarding potential violations of federal or Virgin Islands law.

> **RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 13 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                                       *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories                     Page 13

disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure and the request seeks documents not limited to any timeframe, place, or topic.

38.   Notes of any meeting(s) between Spartan or Warren Mosler and any Government Agency regarding potential violations of federal or Virgin Islands law.

**RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by F ED. R. C RIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.,* 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).

Additionally, the scope of documents sought is overbroad and unduly burdensome in that any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure and the request seeks documents not limited to any timeframe, place, or topic.

Case: 3:19-cv-00117-RAM-RM Document #: 81-10 Filed: 07/13/21 Page 14 of 20

*St. Rose v. Heavy Materials, LLC et al.*          *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories      Page 14

39.     Documents revealing any proffer or offer to proffer testimony by Spartan or Warren Mosler to any Government Agency regarding potential violations of federal or Virgin Islands law.

> **RESPONSE:** Objection. The documents sought are not relevant to any party's claim or defense. Moreover, disclosure may be prohibited by FED. R. CRIM. P. 6 and/or because disclosure could interfere with a Grand Jury Investigation. *United States v. Norian Corp.*, 709 F. App'x 138, 142 (3d Cir. 2017) (unpublished) (citing *United States v. Stanford*, 589 F.2d 285, 291 n.6 (7th Cir. 1978)).
>
> Additionally, the scope of documents sought is overbroad and unduly burdensome in that any such correspondences or documents not governed by the Federal Rules of Civil Procedure are subject to fewer limitations than those imposed by Rule 26(b) of the Federal Rules of Civil Procedure and the request seeks documents not limited to any timeframe, place, or topic.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 15 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                                              *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories            Page 15

## Interrogatories

1. Identify all means by which Spartan communicated internally with its employees or co-workers, including email, text, phone, business communication platforms such as Slack, etc.

**RESPONSE:** Email and phone.

2. Identify those persons to whom Spartan sold ready-mix concrete during the Class Period and offered or accepted a discount from the list price.

**RESPONSE:** None. Spartan did not offer any discounts during the Class Period.

3. Describe the manner in which Spartan's list prices for ready-mix concrete were communicated to potential customers and/or the general public.

**RESPONSE:** Price lists were posted or emailed.

4. Detail the action(s) Spartan took, if any, to re-enter the market for ready-mix concrete in St. Thomas after Spartan entered into the Assignment of Lease.

**RESPONSE:** Not applicable. Spartan was forced to shut down its St. Thomas operations in December 2013 and was therefore unable to participate in the St. Thomas market at the time it entered into the Assignment of Lease.

5. Identify any persons or businesses, besides You, that manufactured and/or sold ready-mix concrete in the U.S. Virgin Islands from January 1, 2007 through the end of the Class Period.

**RESPONSE:** Heavy Materials, LLC and possibly others.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 16 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                                             Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories                          Page 16

6.  Identify the legal counsel(s), if any, who represented Spartan in any business negotiations or discussions with Heavy Materials.

**RESPONSE:** G. Hunter Logan, Jr., Esq.

7.  Identify the principle and/or material facts that support your Fifth Affirmative Defense that "Plaintiffs . . . may not have suffered an antitrust injury."

**RESPONSE:** "A plaintiff suffers antitrust injury by purchasing a product whose price was anticompetitively fixed." *In re Aspartame Antitrust Litig.*, 416 F. App'x 208, 211 (3d Cir. 2011) (citing *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 189 (1997)). Spartan did not anticompetitively fix prices. Accordingly, Plaintiffs could not have suffered an antitrust injury.

8.  Identify the principle and/or material facts that support your Sixth Affirmative Defense that "Plaintiffs did not suffer any injury in fact."

**RESPONSE:** Plaintiffs allege they were injured because they allegedly "paid artificially inflated prices for ready-mix concrete." First Amended Compl. [D.E. 37] at ¶ 2. In the three years prior to the Class Period, from 2010-2013, however, Heavy Materials engaged in an illegal price war with Spartan as Heavy Materials set their prices well below their costs in an attempt to force Spartan to go out of business first on St. Croix and then on St. Thomas. Prior to 2010, Heavy Materials had little if any competition on St. Thomas. Accordingly, Plaintiffs' assumption that increased prices after 2013 were the result of some unlawful conduct is erroneous. Beginning in approximately early 2014, any increase in the price of ready-mix reflected a return to prices that were not artificially depressed below the cost of production as a result of the price war between Spartan and Heavy Materials from 2010-2013 and instead prices were set at levels modestly

Case: 3:19-cv-00117-RAM-RM Document #: 81-10 Filed: 07/13/21 Page 17 of 20

*St. Rose v. Heavy Materials, LLC et al.*     Case No. 3:19-cv-117
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories     Page 17

above Spartan's costs.

9. Identify the principle and/or material facts that support your Ninth Affirmative Defense that [t]he proposed class does not have sufficient questions of law or fact common to the class."

**RESPONSE:** Commonality is an element required under FED. R. CIV. P. 23(a)(2) which Plaintiffs must demonstrate to bring a class action. *See* FED. R. CIV. P. 23(a)(2) (stating that "One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . there are questions of law or fact common to the class.") Discovery is ongoing and Spartan will supplement this response if required.

10. Identify the principle and/or material facts that support your Tenth Affirmative Defense that "[t]he claims or defenses of the proposed representative parties are not typical of the claims or defenses of the proposed class."

**RESPONSE:** The sole Plaintiff, Monrose Loctar, is an individual person and is a resident of St. Croix. By contrast, the class includes non-natural persons (i.e., business entities) who allegedly purchased ready-mix on both St. Thomas and St. Croix.

11. Identify the principle and/or material facts that support your Eleventh Affirmative Defense that "[t]he proposed representative parties will not fairly and adequately protect the interests of the class."

**RESPONSE:** Adequacy is an element required under FED. R. CIV. P. 23(a)(4) which Plaintiffs must demonstrate to bring a class action. *See* FED. R. CIV. P. 23(a)(4) (stating that "One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . the representative parties will fairly and adequately protect the interests of the class."). The proposed representative Monrose Loctar purchased concrete from Spartan on one single occasion

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 18 of 20

*St. Rose v. Heavy Materials, LLC et al.*                                                      *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories                    Page 18

in 2015 and he was unable to recall the project for which he purchased concrete. See Loctar's responses to Spartan's interrogatories at response to Interrogatory 2. He also has not purchased concrete anywhere in the Virgin Islands except on St. Croix and therefore has no knowledge of the market for ready-mix concrete on St. Thomas or anywhere else in the Virgin Islands. See Loctar's responses to Spartan's interrogatories at response to Interrogatory 3. Loctar has no receipts or other documents confirming he made the one purchase from Spartan and has no other documents to support his claim.

      The proposed class includes both individual persons such as Loctar who made a one-time purchase of concrete from Spartan as well as non-natural persons, such as construction businesses, who made concrete frequent purchases in large quantities for commercial purposes. Additionally, Loctar does not claim that he investigated – diligently or otherwise – the claims he brings in this action, which was filed after the expiration of the statutory limitations period. See Loctar's responses to Spartan's interrogatories at response to Interrogatory 12. Accordingly, Loctar does not have a sufficient interest in, and nexus with, the class to insure vigorous prosecution of the action.

12.    Identify the principle and/or material facts that inform your denial of paragraph 36 of the First Amended Complaint regarding predominating common questions.

**RESPONSE:** The St. Thomas ready mix market is distinct from the St. Croix ready-mix market. Nevertheless, the Plaintiff seeks to represent a class of individuals and non-natural persons (i.e., business entities) who allegedly purchased ready-mix on both St. Thomas and St. Croix. For example, access to cement, one of the main components in the manufacture of ready-mix concrete, is markedly different on St. Thomas versus on St. Croix.

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 19 of 20

*St. Rose v. Heavy Materials, LLC et al.*   *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories   Page 19

13. Identify the principle and/or material facts that inform your denial of paragraph 37 of the First Amended Complaint regarding the superiority of class treatment.

**RESPONSE:** The superiority requirement is not satisfied here because the predominance requirement is not satisfied.

Respectfully,

Dated: March 16, 2021     */s/ Christopher Allen Kroblin*
**CHRISTOPHER ALLEN KROBLIN, ESQ.**
**MARJORIE WHALEN, ESQ.**
V.I. Bar Nos. 966 & R2019
KELLERHALS FERGUSON KROBLIN PLLC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, U.S.V.I. 00802
Telephone: (340) 779-2564
Facsimile: (888) 316-9269
Email: ckroblin@kellfer.com
       mwhalen@kellfer.com

Case: 3:19-cv-00117-RAM-RM   Document #: 81-10   Filed: 07/13/21   Page 20 of 20

*St. Rose v. Heavy Materials, LLC et al.*   *Case No. 3:19-cv-117*
Spartan's Responses to Plaintiffs' Requests for Production & Interrogatories   Page 20

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of March, 2021, I caused a true and exact copy of the foregoing **Spartan's Responses to Plaintiffs' First Set of Discovery** to be served via electronic mail upon:

Korey A. Nelson, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
*knelson@burnscharest.com*
*mhenry@burnscharest.com*

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890
St. Thomas, V.I. 00804
*pate@sunlawvi.com*
*sunlawvi@gmail.com*                    */s/ Christopher Allen Kroblin*