IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN
*********************

| | |
|---|---|
| JOHN ST. ROSE, MONROSE LOCTAR, and DERRICK JAMES, individually and on behalf of all others similarly situated, ) ) ) ) | Case No. 3:19-CV-117 |
| Plaintiffs, ) ) | Class Action Requested |
| ) | Jury Trial Demanded |
| v. ) ) | |
| HEAVY MATERIALS, LLC, SPARTAN CONCRETE PRODUCTS, LLC, and WARREN MOSLER, ) ) ) ) | |
| Defendants. ) ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**COME NOW** Defendants **SPARTAN CONCRETE PRODUCTS, LLC** ("Spartan") and **WARREN MOSLER** ("Mosler"), by and through KELLERHALS FERGUSON KROBLIN PLLC, and in support of their Motion for Summary Judgment set forth the following Statement of Undisputed Material Facts ("SOF") as to which there is no genuine issue to be tried, as required under Rule 56.1 of the Local Rules of Civil Procedure.

**Undisputed Material Facts**

1. Monrose Loctar claims he purchased ready mix concrete from Spartan on July 7, 2015. *See* **Exhibit A**, Monrose Loctar's Responses to Interrogatories, at response to Interrogatory 2 (page 3).

2. Loctar also claims he purchased concrete from Heavy Materials and Mark 21 but "[h]e cannot recall any particular dates, purchases, volume purchased, price per cubic yard, or purchase price (initial or paid)." *See* **Exhibit A** at response to Interrogatory 2 (page 3).

3. Loctar does not have any documents or other evidence of any purchases from Heavy Materials or Mark 21. *See* **Exhibit B**, Plaintiff Monrose Loctar's First Supplemental Responses to Defendants' First Set of Requests for Production, at response to RFP No. 2 (page 1) and **Exhibit C**, Loctar Depo Transcript, at 44:3-16; 17:13-20.

4. Loctar does not have any documents or other evidence of his July 2015 purchase from Spartan. *See* **Exhibit B** at response to RFP No. 2 (page 1) and **Exhibit C** at 44:3-16.

5. Loctar confirmed that he considers both price and service when purchasing ready-mix, but "price is always better" than service, meaning price is the more important factor. *See* **Exhibit C** at 29:1-13.

6. Loctar testified that during the class period, from December 2013 to October 2015, he observed the price of ready-mix concrete "jump up" from "about . . .130-something" "to a hundred and seventy-something". *See* **Exhibit C** at 25:14-20.

7. Although he could not recall the price he paid for the ready-mix he purchased from Spartan in July 2015, he thought the price was high and he believed the reason the price was so high was because Spartan was the only concrete company on island at that time. **Exhibit C** at 25:24-26:4.

8. Later in his testimony, after being shown his response to Spartan's Interrogatory 2, wherein Loctar responded he paid One Hundred Seventy-One Dollars ($171.00) per cubic yard for the ready-mix he purchased from Spartan on July 7, 2015, Loctar said that his written response to Spartan's Interrogatory seemed accurate. *See* **Exhibit C** at 42:5-43:5 and **Exhibit A** at response to Interrogatory 2 (page 3).

9. He again confirmed that when he purchased ready-mix from Spartan in July 2015, he thought the price was high. *See* **Exhibit C** at 42:5-44:2.

10. Before Loctar purchased ready-mix from Spartan in July 2015, he had heard of an agreement between Spartan and Heavy Materials wherein "Spartan bought Heavy Materials, shut them down, and then jack up the price on us." *See* **Exhibit C** at 31:22-32:25.

11. Loctar further elaborated, "He bought his competition." *See* **Exhibit C** at 31:22-32:25.

12. Loctar and other purchasers of ready-mix who were also friends of Loctar's complained amongst themselves about the price of ready-mix and about the alleged agreement between Spartan and Heavy Materials. *See* **Exhibit C** at 33:3-15.

13. "[W]e complain all the time about the price", Loctar testified. *See* **Exhibit C** at 33:3-12.

14. One of those other purchasers was former Plaintiff Derrick James, who has been dismissed from this action. *See* **Exhibit C** at 33:23-34:12.

15. Loctar and James discussed the alleged agreement between Spartan and Heavy Materials and the price of ready-mix concrete. *See* **Exhibit C** at 33:23-34:12.

16. In the companion Superior Court action, Judge Molloy found that the Virgin Islands Anti-Monopoly Law is different than the federal statute in that the Virgin Islands Anti-Monopoly Law does not contain any provision for liability of directors and agents of a corporation. *See* **Exhibit D**, Transcript of October 22, 2019 Hearing, at 59-61.

17. During his deposition, however, Loctar testified that he does not know what the Requirements Supply Agreement is. *See* **Exhibit C** at 31:22-32:2.

18. Loctar did not make any complaints to any government agency, any company, or any person about the increase in the price of ready-mix. *See* **Exhibit C** at 44:17-45:5.

19. As far as Loctar knows, none of the people he spoke with took any action or made any complaint about the increase in the price of ready-mix. *See* **Exhibit C** at 44:17-45:5.

Case: 3:19-cv-00117-RAM-RM   Document #: 103   Filed: 04/11/22   Page 4 of 5

St. Rose v. Heavy Materials, LLC et al.                                                     Case No. 3:19-cv-117
Statement of Undisputed Material Facts                                                                    Page 4

20. Loctar failed to undertake any kind of investigation into his claims at any point in time. *See* **Exhibit A** at response to Interrogatory 12 (pages 5-6) (stating that "Plaintiff ha[s] not "claim[e]d that [he] personally exercised diligence in investigating the claims [he] bring[s] in [this] action".) and response to Interrogatory 11 (stating that Loctar "was not obligated to investigate his causes of action in the absence of 'red flags'. As alleged in the First Amended Complaint, there were no such red flags.").

Respectfully,

Dated: April 11, 2022

*/s/ Christopher Allen Kroblin*
**CHRISTOPHER ALLEN KROBLIN, ESQ.**
**MARJORIE WHALEN, ESQ.**
V.I. Bar Nos. 966 & R2019
KELLERHALS FERGUSON KROBLIN PLLC
Royal Palms Professional Building
9053 Estate Thomas, Suite 101
St. Thomas, U.S.V.I. 00802
Telephone: (340) 779-2564
Facsimile: (888) 316-9269
Email: ckroblin@kellfer.com
       mwhalen@kellfer.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of April, 2022, a true and exact copy of the foregoing **Statement of Undisputed Material Facts** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Korey A. Nelson, Esq.
Warren T. Burns, Esq.
Daniel Charest, Esq.
Rick Yelton, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
*knelson@burnscharest.com*
*wburns@burnscharest.com*
*dcharest@burnscharest.com*
*ryelton@burnscharest.com*

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 890
St. Thomas, V.I. 00804
*pate@sunlawvi.com*
*sunlawvi@gmail.com*                    */s/ Christopher Allen Kroblin*