**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **MONROSE LOCTAR, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:19-cv-0117** |
| **SPARTAN CONCRETE PRODUCTS, LLC, and WARREN MOSLER,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation ("R&R") (Dkt. No. 123) of Magistrate Judge G. Alan Teague, filed on April 1, 2026, recommending the denial of Spartan Concrete Products, LLC[,] and Warren Mosler's Motion for Summary Judgment (Dkt. No. 101) in its entirety as to Defendant Spartan Concrete Products, LLC, and on Counts One and Three as to Defendant Warren Mosler, as well as the granting of said motion on Count Two as to Defendant Warren Mosler. Defendants filed an objection to the R&R (*see* Dkt. No. 124), and Plaintiff filed a response thereto. *See* Dkt. No. 125. For the reasons discussed below, the Court will overrule Defendants' Objection and adopt the Report and Recommendation.

**I. LEGAL STANDARD**

Rule 72 of the Federal Rules of Civil Procedure provides that a party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). In reviewing a Magistrate Judge's findings and recommendations, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. . . ." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Because the R&R in the matter at bar pertains to Defendants' motion for summary judgment, the Court reviews the R&R according to the standards governing the disposition of motions for summary judgment; foremost, that summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id*. In addition, when deciding the existence of a genuine dispute of material fact, a court must resolve all reasonable "inferences, doubts, and issues of credibility . . . against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983); *see Daubert*, 861 F.3d at 388-89 (citing *Steele v. Cicchi*, 855 F.3d 494, 500 (3d Cir. 2017)). Thus, when considering a motion for summary judgment, a court's role is not to weigh the evidence. Instead, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "Unsubstantiated arguments made in briefs are not considered evidence of asserted facts." *Winslow v. Extra Storage Space*, CIVIL ACTION NO. 23-4930, 2025 U.S. Dist. LEXIS 106578, at *7 (E.D. Pa. June 5, 2025) (citing *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993)). Further, a court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II. DISCUSSION

Defendants object to the R&R regarding Judge Teague's "finding that the Amended Complaint alleges a price-fixing conspiracy" rather than a market division claim, his application of the self-concealing standard to a conspiracy that is not alleged, and his analysis of the "diligence element of Plaintiff's fraudulent concealment claim." Objection to Report & Recommendation (Dkt. No. 124) at 2.

Count 1 of the First Amended Complaint (1st Am. Compl.) (Dkt. No. 37) alleges a "violation of Section 1 of the Sherman Act, 15 U.S.C. §1." 1st Am. Compl. at 7, ¶39. Whether

the alleged agreement is referred to as market division or price-fixing at this juncture of the litigation is unimportant as the United States Supreme Court has held that

> an agreement among competitors to engage in a program of buying surplus gasoline on the spot market in order to prevent prices from falling sharply was unlawful, even though there was no direct agreement on the actual prices to be maintained. We explained that "under the Sherman Act a combination formed for the purpose and with the effect of raising, depressing, fixing, pegging, or stabilizing the price of a commodity in interstate or foreign commerce is illegal *per se.*"

*Palmer v. BRG of Georgia, Inc*., 498 U.S. 46, 48 (1990) (quoting *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 223 (1940)). Here, Plaintiff has alleged that "[a]s a result of the combination and conspiracy between Defendants and their co-conspirators, prices of ready-mix concrete were artificially increased." 1st Am. Compl. at 7, ¶ 43. Thus, the Court finds that the Magistrate Judge's characterization of the agreement does not warrant a finding of error.

Similarly, the Court finds no error with the Magistrate Judge's application of the "self-concealing" conspiracy concept. Defendants contend that this standard is applicable only to certain types of conspiracies. Dkt. No. 124 at 6. Defendants then assert that the "self-concealing standard does not apply to Plaintiff's claim of market division in this case." *Id*. at 8. However, "[c]ourts in this Circuit have applied the 'self-concealing' standard to antitrust conspiracies." *In re Fasteners Antitrust Litig*., Civil Action No. 08-md-1912, 2011 U.S. Dist. LEXIS 90076, at *12-13 (E.D. Pa. Aug. 12, 2011) *cited in In re Fragrance Direct Purchaser Antitrust Litig*., Case No. 2:23-02174; Case No. 2:23-03249; Case No. 2:23-16127, 2025 U.S. Dist. LEXIS 31603, at *40 (2025). As noted above, the conspiracy as alleged by Plaintiff is an antitrust conspiracy in violation of the Sherman Act, "even though there was no direct agreement on the actual prices to be maintained," because it was formed with the purpose and the effect of raising the price of ready-mix concrete. *Palmer*, 498 U.S. at 48. Thus, the Magistrate Judge did not err by applying the self-concealing standard to the alleged antitrust conspiracy.

Moreover, the Court further finds, like the *Fragrance* court, that "[u]nder either *Fasteners's* theory that price-fixing conspiracies are always self-concealing, or *Magnesium's* theory that price-fixing conspiracies are self-concealing if they are coupled with allegations of circumstances indicating a pretense of legitimacy, Plaintiffs have satisfied

their burden." *In re Fragrance Direct Purchaser Antitrust Litig*., 2025 U.S. Dist. LEXIS 31603, at *40. As stated by the Magistrate Judge:

> Loctar argues that just because he knew of a price increase in RMC prior to July 2015 does not demonstrate that he had notice of the alleged collusion between Spartan and Heavy Materials. . . . Again, according to Loctar, the earliest any consumer could have learned of this conspiracy was during the *Argos* trial, where the terms of said agreement were disclosed publicly for the first time.

R&R at 6 (internal and other citations omitted) (footnote omitted). Also, Plaintiff "believed the prices were high because Spartan was the only producer of [ready-mix concrete] on St. Croix at the time." *Id*. at 23 n.28. Therefore, even if the alleged conspiracy is not one that is always self-concealing, because the circumstances indicate a pretense of legitimacy, under the theory articulated in *In re Magnesium Oxide Antitrust Litig*., Civ. No. 10-5943 (DRD), 2011 U.S. Dist. LEXIS 121373, at *78 (D.N.J. 2011), the application of the self-concealing standard is proper.

Regarding the diligence factor of the fraudulent concealment doctrine, the Court finds that the Magistrate Judge correctly found that, viewing the evidence in the light most favorable to Plaintiff, a genuine issue of material fact exists sufficient to defeat Defendants' motion for summary judgment. Where, as here, "an alleged conspiracy is self-concealing, a plaintiff must only exercise diligence when she is aware of 'red flags'[1] that definitively apprise plaintiff of the cause of action." *In re Fasteners Antitrust Litig*., 2011 U.S. Dist. LEXIS 90076, at *15. In addition, "'[t]o determine what constitutes "reasonable" due diligence, [the court] must consider the magnitude of the existing storm warnings. The more ominous the warnings, the more extensive the expected inquiry.'" *In re Processed Egg Prods. Antitrust Litig*., MDL No. 2002; 08-md-2002, 2013 U.S. Dist. LEXIS 119936, at *11 (E.D. Pa. Aug. 23, 2013) (quoting *Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239, 255 (3d Cir. 2001)).

---

[1] These "red flags" may be referred to as "storm warnings." *See, e.g., Mathews v. Kidder, Peabody & Co*., 260 F.3d 239, 251-52 (3d Cir. 2001) ("Some courts have further refined the inquiry notice test into a multi-step analysis. . . . The District Court in this case applied a two-part test: '(1) whether the plaintiffs knew or should have known of the possibility of fraud ("storm warnings") and, once that possibility arose, (2) whether plaintiffs exercised due diligence to determine the origin and extent of the fraud.'") (internal citations omitted).

What "red flags" or "storm warnings" existed and how "ominous" they were is a fact intensive inquiry unsuitable for determination upon a motion for summary judgment.

The Magistrate Judge's Report & Recommendation, entered March 4, 2026, is well-reasoned and methodical in citing the correct legal standard and applying that standard to the facts, resulting in a sound decision. The Court has reviewed the R&R overall and has conducted a *de novo* review of those portions to which Defendants object and determines that nothing in the R&R is clearly erroneous or contrary to law.

Accordingly, it is hereby

**ORDERED** that Defendants' Objection to Report & Recommendation, Dkt. No. 124, is **OVERRULED;** it is further

**ORDERED** that Magistrate Judge G. Alan Teague's Report & Recommendation, Dkt. No. 123, entered March 4, 2026, recommending that Spartan Concrete Products, LLC[,] and Warren Mosler's Motion for Summary Judgment, Dkt. No. 101, be denied in its entirety as to Defendant Spartan Concrete Products, LLC, and on Counts One and Three as to Defendant Warren Mosler, as well as granted on Count Two as to Defendant Warren Mosler, is **APPROVED and ADOPTED** as an Order of this Court**;** it is further

**ORDERED** that Spartan Concrete Products, LLC[,] and Warren Mosler's Motion for Summary Judgment, Dkt. No. 101, is **DENIED IN PART AND GRANTED IN PART**; specifically, it is **DENIED** in its entirety as to Defendant Spartan Concrete Products, LLC; **DENIED** on Counts One and Three as to Defendant Warren Mosler; and, **GRANTED**, on Count Two as to Defendant Warren Mosler.

**Date**: September 30, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**